**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRYAN PERROTTA and NICOLE PERROTTA, Plaintiffs,** | § § § | |
| **v.** | § § § § | **CIVIL ACTION NO. 1:24-cv-00021-DII** |
| **BANK OF AMERICA NATIONAL ASSOCIATION, Defendant.** | § § § § | |

# PLAINTIFFS' AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs, BRYAN PERROTTA and NICOLE PERROTTA and bring this suit and complain of Defendant BANK OF AMERICA NATIONAL ASSOCIATION for cause of action and will show the Court the following:

## I. DISCOVERY LEVEL

1. Plaintiffs intend to conduct discovery under Level 2, pursuant to Texas Rule of Civil Procedure 190.3.

## II. PARTIES

2. Plaintiffs are individuals that reside in Travis County, Texas.

3. Defendant, BANK OF AMERICA NATIONAL ASSOCIATION is a foreign financial institution with a registered agent, C T Corporation System and the registered agent and service has been perfected on this defendant.

## III. VENUE AND JURISIDICITON

4. Jurisdiction and venue are proper in this Court.

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties, in that the Defendant is now and was at the time the action was commenced diverse citizenship from the Plaintiffs.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action occurred is situated, within the present judicial district.

## IV. FACTUAL BACKGROUND

8. Plaintiffs entered into a Deed of Trust (See Exhibit A) with Bank of America National Association on May 19, 2006, and received a General Warranty Deed (See Exhibit B) for the following real estate property, commonly known as 8900 Bell Mountain Drive, Austin, Texas 78730 ("Property") more formally described as:

> Lot 19, BLOCK H, OF LONG CANYON II-A, AN ADDITION IN TRAVIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF; RECORDED IN BOOK 84, PAGES 135B-135C, OF THE PLAT RECORDS OF TRAVIS COUNTY, TEXAS.

9. Plaintiffs made payments consistently to Defendant until Plaintiff Bryan Perrotta lost his employment and had no option but to file for bankruptcy. Plaintiff Nicole Perrotta is self-employed and her business was substantially hurt by the economic downturn resulting from the COVID-19 pandemic. Due to these hardships, Plaintiffs submitted a loan modification application to Defendant on October 26, 2023, the day before Plaintiffs received Notice of Trustee's Sale, scheduled for December 5, 2023. Defendant requested additional documents to support the application. These documents were submitted to Defendant on November 29, 2023, via fax per Defendant's request.

10. Defendant has neither rejected nor accepted Plaintiffs' loan modification application. Plaintiffs made attempts to stop the foreclosure while Defendant reviewed the supporting documents to the loan modification application, however, Defendant was not willing to postpone the scheduled December foreclosure.

11. Plaintiffs' counsel contacted Defendant on November 27, 2023, and submitted an third-party authorization form to Defendant within the same day. Defendant requested twenty-four hours for processing the authorization form.

12. Plaintiffs' counsel contacted Defendant on November 29, 2023, about the loan modification application and was informed by Defendant's representatives that Defendant needed supporting documents and that once the documents were in Defendant's possession, Defendant would request to postpone the foreclosure. Plaintiffs' counsel submitted all requested supporting documents to Defendant on November 29, 2023.

13. Plaintiffs' counsel contacted Defendant on November 30, 2023, via phone. Defendant stated that the received third-party authorization form did not have proper language and Defendant required a new authorization, even though Plaintiffs' counsel was able to speak about the application the day before. Plaintiffs' counsel submitted the second authorization form the very same day. Defendant requested twenty-four hours for processing the new authorization form.

14. Plaintiffs' counsel contacted Defendant on December 1, 2023, via phone. Defendant confirmed that they received all supporting documents for the loan modification application and would request to stop foreclosure. Defendant stated, however, that the request could take up to five (5) business days to be approved. Plaintiffs' counsel expressed to Defendant

that time was of the essence since foreclosure was to occur in three (3) days, but Defendant was not willing to resolve the matter.

15. On December 1, 2023, Plaintiffs filed suit against Defendant in the 201st Judicial District Court of Travis County, Texas, seeking a temporary restraining order with a temporary injunction hearing to follow. By agreement of the Parties, the temporary injunction hearing was passed and the temporary restraining order remains in place. Defendant removed this case on the basis of diversity to this Court on January 8, 2024.

## V. CAUSES OF ACTION:

### BREACH OF CONTRACT

16. Defendant has breached the agreement with Plaintiffs in that Defendant (See Exhibit A) allows Plaintiff borrowers to cure any such default. Defendant has not allowed Plaintiffs to cure said default by a modification or refinance. Further, Plaintiffs and Defendant entered into a contractual agreement when Defendant stated it would request to postpone foreclosure on Plaintiffs' home if Plaintiffs submitted to Defendant all supporting documents for their loan modification application. Plaintiffs performed by obtaining and submitting said documents to Defendant, and Defendant delayed performance until a request to postpone foreclosure was useless to Plaintiffs and, as such, breached its contract with Plaintiffs.

### NEGLIGENT MISREPRESENTATION

18. Defendant falsely represented to Plaintiffs that if they submitted all supporting documents for their loan modification application to Defendant then Defendant would request to postpone foreclosure. Defendant made this representation without any intention of timely requesting postponement of the foreclosure on Plaintiffs' home as promised. Defendants created

time-deteriorating obstacles that made Defendant's request to postpone foreclosure fruitless, only to benefit Defendant by forcing the foreclosure of Plaintiffs' home.

**FRAUD IN A REAL ESTATE TRANSACTION**

19. Defendant falsely represented to Plaintiffs that if Plaintiffs submitted all supporting documents for their loan modification application, then Defendant would request the postponement of foreclosure on Plaintiffs' home. Plaintiffs relied on this promise and performed by submitting all requested documents. The Defendant's promise was material, as possession of Plaintiffs home hinged on Defendant's performance. Defendant made the promise without intention of fulfilling performance, evidenced by Defendant's delay tactics.

**COMMON LAW FRAUD**

20. Defendant falsely represented to Plaintiffs that if Plaintiffs submitted all supporting documents for their loan modification application, then Defendant would request the postponement of foreclosure on Plaintiffs' home. This false representation was made knowingly, unbeknownst to Plaintiffs, and resulted in the foreseeable continuing foreclosure process on the Plaintiffs' home.

## VI. DAMAGES

21. Plaintiffs have suffered mental anguish damages caused by Defendant's conduct. Plaintiffs have yet to provide notice to Defendant which is required by TEX. BUS. & COMM. CODE Sec. 17.505(a), therefore the cause should be abated to allow proper notice. Defendant's wrongful conduct was a producing cause of Plaintiffs' injuries and damages. Plaintiffs have suffered economic damages of at least $500,000.00, mental anguish and actual damages in at least the amount of the payoff of the underlying loan note and attorney's fees paid to date and reasonably foreseeable consequential damages. Plaintiffs seek damages in excess of the

minimum jurisdictional limits of this court. Plaintiffs are entitled to recover reasonable and necessary attorney fees for prosecuting this suit under TEX. BUS. & COMM. CODE Sec. 17.50(d), pre-judgment interest, and costs.

## VII. RELIEF REQUESTED:

### INJUNCTIVE RELIEF

22. Plaintiffs request this Court to issue a temporary restraining order enjoining the wrongful actions of Defendant until this matter is adjudicated.

23. Plaintiffs encourage this Court to enjoin the Defendant from performing a foreclosure and from conducting the unlawful foreclosure scheduled as against 8900 Bell Mountain Drive, Austin, Texas 78730.

24. Plaintiffs are pursuing multiple avenues of recovery to address the wrongful actions of Defendant. These causes include Breach of Contract, Negligent Misrepresentation, Fraud in a Real Estate Transaction, and Common Law Fraud.

25. Plaintiffs will suffer irreparable harm if the foreclosure is allowed to proceed. If the foreclosure is allowed to proceed, Plaintiffs will suffer great harm without the issues discussed herein being addressed. Plaintiffs' loss of their home is clearly an imminent and irreparable injury and, as the Defendant will not stay the foreclosure, there is no other adequate remedy at law.

### DECLARATORY RELIEF

26. An actual controversy has arisen and now exists between Plaintiffs and Defendant regarding the respective rights and duties, in that Plaintiffs contend that Defendant does not have the right to go forward with the wrongful non-judicial foreclosure against the Property because of the reasons stated above.

27. Plaintiffs request declaratory judgment from this Court pursuant to the FRCP 57, under 28 U.S.C. §2201, to declare the rights, status, and other legal relations as between the Plaintiffs and Defendant associated with the Plaintiffs' home and specifically the rights, if any, to move forward with a foreclosure consistent with the Deed of Trust and the ownership of the home.

**PRAYER**

WHEREFORE Plaintiffs ask for the following for each Cause of Action sustained:

1. For injunctive relief prohibiting Defendant or their agents from going forward with the non-judicial foreclosure.

2. Compensatory Damages in an amount to be determined by proof at trial.

3. For Special Damages in an amount to be determined by proof at trial.

4. For General Damages in an amount to be determined by proof at trial.

5. For Punitive Damages as against the Defendant.

6. For Declaratory Relief, including a declaration that Plaintiffs are the prevailing party.

7. For any prejudgment or other interest according to law.

8. Any other and further relief that the Court considers just and proper.

Plaintiffs further request all other relief to which Plaintiffs are entitled.

Respectfully submitted,

**THE KELLY LEGAL GROUP, P.L.L.C.**
P.O. Box 2125
Austin, Texas 78768-2125
Phone: (512) 505-0053
Fax: (512) 505-0054
Email: service@kellylegalgroup.com

By:______________________________

Jeffrey S. Kelly
Texas Bar No. 24043749
Missouri Bar No. 73157
Sana Rajani
State Bar No. 24123624
Greg Siemankowski
State Bar No. 24077908
Anna J. Hart
State Bar No. 24092493
**Christopher Cummings**
**State Bar No. 24090058**
Amy Friday
State Bar No. 24037551
**ATTORNEYS FOR PLAINTIFF**