IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRYAN PERROTTA and NICOLE PERROTTA, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:24-CV-21-DII |
| BANK OF AMERICA NATIONAL ASSOCIATION, | § § § | |
| Defendant. | § § § | |

## ORDER

Before the Court is Defendant Bank of America National Association's ("Defendant")
Motion to Dismiss. (Dkt. 15). Plaintiffs Bryan Perrotta and Nicole Perrotta ("Plaintiffs") filed an
opposition, (Dkt. 22), to which Defendant replied, (Dkt. 30). Also before the Court is Plaintiffs'
Motion for Leave to File an Amended Complaint, (Dkt. 26), to which Defendant filed an
opposition, (Dkt. 28). Having considered the parties' briefs, the evidence, and the relevant law, the
Court finds that the Motion to Dismiss, (Dkt. 15), should be granted, and the Motion for Leave to
File an Amended Complaint, (Dkt. 26), should be denied.

## I. BACKGROUND

Plaintiffs allege that they entered a Deed of Trust with Defendant and made payments to
Defendant until they experienced financial hardships and required a loan modification. (Dkt. 26-1, at
2).[1] Plaintiffs allege that they submitted a loan modification application to Defendant in October
2023. In October 2023, Plaintiffs also received a Notice of Trustee's Sale scheduled for December 5,
2023. (*Id.*). Plaintiffs allege that, as the December foreclosure sale drew closer, Defendant had

---

[1] Defendant alleges that the agreement was not a deed but an assigned loan modification agreement of an
earlier Deed of Trust with Mortgage Electronic Registration Systems, Inc. (Dkt. 15, at 2). The distinction is
not material for purposes of this order dismissing Plaintiffs' claims.

1

neither rejected nor accepted their October loan modification application. (*Id.*) Plaintiffs allege that, through counsel, they contacted Defendant in late November 2023 about the loan modification application in light of the upcoming foreclosure sale. (*Id.* at 3). Plaintiffs allege that Defendant told Plaintiffs' counsel that, once Plaintiffs submitted supporting documents to Defendant and once Defendant was in possession of those documents, Defendant would request to postpone the foreclosure. (*Id.*). Plaintiffs allege they submitted all requested supporting documents on November 29, 2023, that their counsel subsequently contacted Defendant via the phone on November 30, 2023, and that Defendant requested a new third-party authorization form, which it said would take 24 hours to process. (*Id.* at 3). Plaintiffs allege that their counsel contacted Defendant again via phone on December 1, 2023, and that Defendant said they had received all supporting documents for the loan modification and would request to stop foreclosure, but that the request could take up to five business days to be approved. (*Id.*). Plaintiffs allege they told Defendant that the foreclosure sale was only 3 days away, but that Defendant did not agree to request to stop foreclosure sooner. (*Id.*). Plaintiffs subsequently filed suit in state court and obtained a temporary restraining order to prevent the December 5, 2023 foreclosure sale. (*Id.* at 4). Defendant removed the case to federal court on January 8, 2024. (Dkt. 1).

## II. LEGAL STANDARD

Pursuant to Federal Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be

true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A district court has leave to grant or deny leave to amend under Federal Rule 15, but its discretion to deny leave to amend is cabined by the Rule's bias in favor of granting leave. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000). Accordingly, a district court must have a "substantial reason to deny leave to amend." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). In making that determination, courts examine the following considerations: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

## III. DISCUSSION

Plaintiffs allege four claims: breach of contract, negligent misrepresentation, wrongful foreclosure, and a Texas Deceptive Trade Practices Act ("DTPA") violation. (Dkt. 1, at 12–14). The Court considers each in turn and finds that Plaintiffs do not plead facts which, if true, would give rise to a reasonable inference of liability on the part of Defendant. As such, the Court dismisses Plaintiffs' claims. Plaintiffs also seek leave to add a common-law and statutory fraud claim to their

Complaint. The Court finds, however, that doing so would be futile because Plaintiffs do not plead facts which give rise to a reasonable inference of liability for fraud, and the Court denies Plaintiffs' motion for leave to amend as a result.

### A.  Motion to Dismiss Breach-of-Contract Claim

The Court first considers Plaintiffs' breach-of-contract claim and finds it should be dismissed. Because the alleged agreement to delay foreclosure, which concerns an amount over $50,000, is not in writing, it is not enforceable under the Texas statute of frauds.

To plead a breach-of-contract claim under Texas law, Plaintiffs must allege facts which, if true, would show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App. — Houston [14th Dist.] 2005, pet. denied)); *Villareal v. Wells Fargo Bank, N.A.*, 814 F. 3d 763, 767 (5th Cir. 2016) (cleaned up).

Plaintiffs allege that an oral contract existed between them and Defendants. Plaintiffs allege that they had a "valid contract with Defendant" in which they were to "submit the necessary documentation and a request to postpone foreclosure would be submitted." (Dkt. 22, at 6). They claim they "performed by submitting all necessary and requested documentation" and that "Defendant breached when it stalled and delayed this process until performance on its end would be entirely moot[.]" (*Id.*).

The Court grants Defendant's motion to dismiss on the grounds that an agreement to delay foreclosure is subject to the Texas statute of frauds, and, accordingly, must be in writing to be enforceable. *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 328–29 (5th Cir. 2013). The Texas statute of frauds includes a modification to a loan agreement. *Burnette v. Wells Fargo Bank, N.A.*, No. 4:0–CV–370, 2010 WL 1026968, at *4–*5 (E.D. Tex. Feb. 16, 2010). More specifically, Tex. Bus. &

Com. Code Ann. § 26.02 says that any "promise[]," "agreement[]," or "commitment[]" by a financial institution to "delay repayment of money or goods" or "to otherwise . . . make a financial accommodation" "in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." *See also Deuley v. Chase Home Fin. LLC*, No. H–05–04253, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 26, 2006) (discussing same). In their Response, Plaintiffs do not provide facts disputing that the agreement they allege was oral, or that the value of the requested loan modification and request to postpone foreclosure in question was above $50,000. (*See* Dkt. 22; *see also* Dkt. 15 (valuing the principal balance of the Note in 2016 at $734,908.15)). As such, the Court finds that the Texas statute of frauds applies to the loan modification and request to postpone foreclosure at issue in this case.

Plaintiffs argue that an equitable exception exists to the statute of frauds in their case: citing *Bank of Texas v. Gaubert*, 286 S.W.3d 546, 554 (Tex. App. 2009), they argue that "under the partial performance equitable exception, an oral agreement that does not satisfy the traditional statute of frauds but that has been partially performed may be enforced if denying enforcement would itself amount to a fraud." (Dkt. 22, at 5). However, even assuming that the equitable exception to the traditional statute of frauds applies to Section 26.02 of the Texas Code, *Bank of Texas*, 286 S.W.3d at 554, the Court finds that the Plaintiffs have not alleged facts that would show it applies. First, Plaintiffs have not alleged that they took actions unequivocally corroborating the fact that an oral agreement existed between them and Defendants. "Partial performance removes an oral agreement from the statute of frauds only if the performance is unequivocally referable to the agreement and corroborative of the fact that the contract was made." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 548 (5th Cir. 2010). Here, Plaintiffs have not alleged that they took actions unequivocally referable to an agreement *already* made between the parties. Rather, Plaintiffs allege that they requested a loan

modification from Defendant, Defendant requested documentation and authorizations over a period of several days, and that Plaintiffs submitted the requested documents. (Dkt. 22, at 6–7). Rather than unequivocally corroborating the fact that a contract *already* existed between the parties, these actions just as well corroborate the fact that Plaintiffs *wished* to make an agreement with Defendant. In line with that understanding, Plaintiffs described their submissions to Defendant of required paperwork as a "loan modification application" and acknowledge that there was a chance Defendant would either grant or deny it. (Dkt. 1, at 7–8).

Second, Plaintiffs have not pleaded facts that, if true, would bring their contract within the fraud exception for partially performed contracts, because they have not alleged facts giving rise to the inference of fraud. The exception to the statute of frauds applies where a party "knowingly accepts the benefits" of partial performance and then uses the statute of frauds as a defense. *See Carmack v. Beltway Dev. Co.*, 701 S.W.2d 37, 40 (Tex. App. 1985). Plaintiffs allege no specific facts that show Defendant benefitted from Plaintiffs' actions in partial performance of the alleged contract (providing documents and third-party authorization forms) as would support a showing of fraud.

For these reasons, Plaintiffs do not plead facts which would give rise to the inference that the alleged contract is enforceable, and as a result, Plaintiffs cannot show a breach of contract claim. The Court finds that Defendant's motion to dismiss is granted as to the breach of contract claim.

### B. Motion to Dismiss Negligent Misrepresentation Claim

Plaintiffs' second claim, negligent misrepresentation, also warrants dismissal. Plaintiffs allege that Defendant promised to submit a request to postpone foreclosure. (Dkt. 1, at 19). The tort of negligent misrepresentation requires a misrepresentation of existing fact, and under Texas law, a promise to do or refrain from an act in the future does not constitute an "existing fact." *See, e.g., De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 205 (5th Cir. 2012) (citing *Scherer v. Angell*, 253 S.W.3d 777, 781 (Tex. App.—Amarillo 2007, no pet.)). More specifically, Texas law treats

a promise to postpone foreclosure as a representation of a future event, not a statement of existing fact. *James v. Wells Fargo Bank, N.A.*, 533 F. App'x 444, 448 (5th Cir. 2013) (explaining that an alleged promise to postpone foreclosure is not a statement of existing fact); *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 750 (E.D. Tex. 2013) (same); *Defranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625 (N.D. Tex. 2011) (same).

Plaintiffs have not alleged a misrepresentation of existing fact other than those which constitute alleged promises to do acts in the future, as would allow them to plead a negligent misrepresentation claim. (Dkt. 22, at 7–8). As such, Plaintiffs have not stated facts which would, if true, give rise to a negligent misrepresentation claim, and their claim is dismissed.

### C.  Dismissal of Additional Claims

Plaintiffs, in their Response, note their "voluntary nonsuit" of their claims for violation of the DTPA, (Dkt. 22, at 9) and wrongful foreclosure, (*id.* at 5). However, Plaintiffs do not cite a particular Federal Rule of Civil Procedure giving them authority to voluntarily dismiss two, but not all, of their claims. Federal Rule 41 does not permit them to do so. Rather, Rule 41 provides a mechanism for a plaintiff to voluntarily dismiss an *action* before the opposing party serves an answer or a motion for summary judgment, or for the parties to stipulate to dismissal. Defendant has filed an answer in this Action and has not stipulated to dismissal of the two claims. (Dkt. 15, at 2). The Plaintiffs' notice of voluntary nonsuit is, moreover, not "effective automatically upon filing." *See Yesh Music v. Lakewood Church*, 727 F.3d 356, 362 (5th Cir. 2013).

The Court, having reviewed the claims, finds that they should be dismissed. First, as to the DTPA claim, Plaintiffs cannot state a DTPA claim because they are not "consumers" for purposes of the DTPA. Texas courts have held that people who seek only a loan or an extension of credit are not consumers under the DTPA because the lending of money is neither a good nor a service. *See La Sara Grain Co. v. First Nat. Bank of Mercedes*, 673 S.W.2d 558, 566–67 (Tex. 1984); *Riverside Nat'l*

*Bank v. Lewis*, 603 S.W.2d 169 (Tex. 1980); *see also Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 455 (E.D. Tex. 2011).

Second, as to the wrongful foreclosure claim, a cause of action for wrongful foreclosure cannot be maintained where no foreclosure sale has occurred and the moving party remains in possession of the property. *Foster v. Deutsche Bank Nat'l Tr. Co.*, 848 F. 3d 403, 406 (5th Cir. 2017). Texas law does not recognize claims for "attempted wrongful foreclosure." *Id.* at 406–07.

As such, Plaintiffs' claim as to wrongful foreclosure and claim under the DTPA are dismissed.

### D.  Motion for Leave to Amend to Add Fraud Claims

The Court next considers Plaintiffs' motion for leave to amend their complaint. Plaintiffs seek to add two claims of fraud: "fraud in a real estate transaction" and "common law fraud." (Dkt. 26-1, at 5). Plaintiffs state that "Defendant falsely represented to Plaintiffs that if Plaintiffs submitted all supporting documents for their loan modification application, then Defendant would request the postponement of foreclosure on Plaintiffs' home," "Defendant made the promise without intention of fulfilling performance," and the "false representation was made knowingly." (Dkt. 26-1, at 5). Plaintiffs do not allege additional facts which would support their claim of fraud.

Plaintiffs' motion for leave to amend their complaint should be denied because it is futile. "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "[A] district court need not grant a futile leave to amend." *Id.* (citing *Stripling*, 234 F.3d at 872–73)).

It would be futile to permit Plaintiffs to amend their complaint to add a fraud claim. First, they have pleaded no facts which, if true, would give rise to an inference of fraudulent intent on the part of Defendant; an untrue promise of future action, alone, does not give rise to actionable fraud

8

without facts alleged that would show fraudulent *intent*. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 665 (5th Cir. 2002). Second, Plaintiffs do not meet the heightened standard for alleging fraud over negligent misrepresentation. Federal Rule 9(b) has specific requirements for pleading a claim of fraud: "In alleging fraud," "a party must state with particularity the circumstances constituting fraud." In the Fifth Circuit, a party claiming fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann*, 302 F.3d at 564–65. Plaintiffs have not alleged specific statements they consider fraudulent. Their fraud claim, instead, rests on the same set of facts described above: they allege Defendant requested documents and that processing those documents delayed the approval of their loan modification. Those facts alone do not have the specificity required to state a fraud claim.

For these reasons, the Court finds that granting leave to amend the complaint would be futile. The Court declines to grant Plaintiffs' leave to amend their complaint.

## IV. CONCLUSION

For these reasons, **IT IS ORDERED** Defendant's Motion to Dismiss, (Dkt. 15), is **GRANTED**. Plaintiff's complaint is **DISMISSED** with prejudice.

It is **FURTHER ORDERED** that Plaintiffs' Motion for Leave to File an Amended Complaint, (Dkt. 26), is **DENIED**.

**SIGNED** on October 22, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE